[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10750
Non-Argument Calendar
_____

D.C. Docket No. 2:09-cv-01070-MHT-WC


ROCKY JONES,

Plaintiff-Appellant,

versus

COFFEE COUNTY SHERIFF'S DEPARTMENT,
in its individual and official capacities, et al.,

Defendants,

NEIL BRADLEY,
Deputy, in his individual and official capacities,
TONY HARRISON,
Deputy, in his individual and official capacities,

Defendants-Appellees,

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 15, 2017)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Rocky Jones sued the Coffee County Sheriff's Department and several law enforcement officers (including Neil Bradley and Tony Harrison) under 42 U.S.C. § 1983 alleging that they used excessive force to arrest him.  The district court accepted a magistrate judge's recommendation that summary judgment be granted as to Bradley and Harrison.[1]  Jones contends that the district court's judgment should be reversed because the magistrate judge did not have statutory authority to conduct an evidentiary hearing and issue a report and recommendation in this case.

The relevant portion of the federal statute governing the powers of magistrate judges provides that:

> (A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. . . .
>
> (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of

---

[1] The district court granted summary judgment to the other defendants in an earlier order that Jones does not challenge.

confinement.

28 U.S.C. § 636(b)(1).  Subparagraph A of this provision generally authorizes district courts to designate magistrate judges to "hear and determine any pretrial matter."  Id. § 636(b)(1)(A).  But it also lists several types of pretrial motions — including motions for summary judgment like the one in this case — that magistrate judges are not permitted to determine.  Id.  We will refer to those as "exempted motions."

Magistrate judges are not prohibited from having anything to do with exempted motions; they just don't have the last word where exempted motions are concerned.  Subparagraph B allows the district court to designate a magistrate judge to conduct hearings on exempted motions and make a recommendation, which the district court is free to accept or reject.  Id. § 636(b)(1)(B).  That is what happened in this case:  The district court referred the motion for summary judgment to a magistrate judge and then accepted the magistrate judge's recommendation that summary judgment be granted.

Jones contends that § 636(b)(1)(B) only authorizes a magistrate to make a recommendation as to exempted motions in certain cases.  He argues that the phrase "application for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement" modifies the phrase "of any motion exempted under subparagraph (A)."  In other words,

3

Jones thinks magistrate judges are authorized to make recommendations on exempted motions only in habeas cases and cases challenging conditions of confinement.  We disagree.

It is far more natural to read Subparagraph B to provide a list of three, rather than two, circumstances in which a district court judge can designate a magistrate judge to make a recommendation:  when confronting (1) an exempted motion under Subparagraph A; (2) a criminal defendant's application for post-trial relief; or (3) a prisoner's petition challenging the conditions of his confinement.  While it is true that the statute does not make use of a serial comma between the second and third of these circumstances, the use of a serial comma is optional.  United States v. Bass, 404 U.S. 336, 340 n.6, 92 S. Ct. 515, 518 n.6 (1971) ("[M]any leading grammarians, while sometimes noting that commas at the end of a series can avoid ambiguity, concede that use of such commas is discretionary.").  "When grammarians are divided, and surely where they are cheerfully tolerant, we will not attach significance to an omitted comma."  Id.

**AFFIRMED.**

4